# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff - Respondent, ) | |
| ) | |
| vs. ) | Case No. 10 C 919 |
| ) | |
| ARTURIO AUSTIN, ) | |
| ) | |
| Defendant - Movant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Arturio Austin has filed a *pro se* motion under 28 U.S.C. § 2255. The Court conducts a preliminary assessment of the motion to determine whether a response is required. *See* Rule 4(b), Rules Governing Section 2255 Cases.

## Background

Mr. Austin pled guilty "blind" to a narcotics conspiracy charge – in other words, without a written plea agreement. Mr. Austin's Sentencing Guidelines criminal history category was III and his offense level was 36, making the advisory Guidelines range 235 to 293 months imprisonment. The Court imposed a sentence of 151 months, which was considerably below the low end of the range – a reduction of a little over one-third. The Court expressly based the below-Guidelines sentence on, among other things, his extensive cooperation with the government in this and related cases. Mr. Austin did not appeal the sentence.

## Mr. Austin's contentions

Mr. Austin makes the following arguments in his section 2255 motion:

1. He alleges that the indictment did not cite the provision of the criminal narcotics statute that sets forth the applicable penalty, and he seems to argue that a jury finding was required regarding the type and quantity of narcotics involved in his case.

2. He says that the government unfairly refused to make a motion for downward departure under U.S.S.G. § 5K1.1 and that the government breached the plea agreement by failing to make the motion.

3. He also alleges that his trial counsel was ineffective for failing to contest the government's refusal to make the downward departure motion.

4. He says that he should have been found eligible for the Guidelines' "safety valve" provision, U.S.S.G. § 5C1.2.

5. He argues that his sentence was grossly disproportionate and a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

6. He contends that the Court should have sentenced him under the provisions of 18 U.S.C. § 3553 rather than under the Sentencing Guidelines. In this argument, Mr. Austin also cites section 3553(e), suggesting that he contends that the Court should have imposed a sentence under the mandatory minimum of ten years imprisonment.

## Discussion

None of Mr. Austin's arguments has any conceivable merit as part of a section

2255 motion. Mr. Austin could have raised arguments 1, 2, 4, 5, and 6 via a direct appeal from his sentence, but he did not appeal. Contentions that a defendant could have but failed to raise on direct appeal are considered procedurally defaulted and cannot be asserted via a section 2255 motion absent a viable excuse for the default. *See, e.g., Ballinger v. United States*, 379 F.3d 427, 429 (7th Cir. 2004). Mr. Austin offers no excuse for the procedural default (such as ineffective assistance of appellate counsel, an argument he likely could not make in any event because he did not file an appeal).

Even if Mr. Austin had a viable excuse for his default, claims 1, 2, 4, 5, and 6 are all lacking in merit anyway:

1. The indictment cited the statute under which he was prosecuted, which was all it had to do. And because the Court did not increase the maximum sentence via its finding regarding the drug quantity for which Mr. Austin was responsible, no jury determination of the quantity was required.

2. Mr. Austin had no plea agreement, so the government did not breach an agreement by failing to move for a downward departure. And unless the government had a constitutionally-prohibited motive for not seeking a downward departure – a contention that Mr. Austin does not make – that decision is unreviewable by a court. *See generally Wade v. United States*, 504 U.S. 181 (1992).

4. Mr. Austin was not eligible for the safety valve because it was undisputed that he had more than one criminal history point under the Guidelines (actually, he had four criminal history points). *See* U.S.S.G. § 5C1.2(a)(1).

5. Mr. Austin's sentence – which was more than one-third below the advisory

3

Guidelines range – was not disproportionately high in a way that violated the Eighth Amendment. He was engaged in an ongoing operation to sell dangerous narcotics for a period of many years as part of a criminal street gang that effectively controlled part of a public housing project via its narcotics business, he was involved at that operation at a managerial level, and he profited from his criminal activity. A sentence of 151 months can hardly be considered disproportionately high under the circumstances.

6. The Court *actually did* sentence Mr. Austin under section 3553 and not within the advisory Guidelines range. To the extent Mr. Austin complains that the Court should have been able to impose a sentence less than the mandatory minimum of ten years (120 months) imprisonment, that was not possible absent a § 5K1.1 motion by the government – which, as noted above, Mr. Austin could not compel the government to make – or eligibility for the safety valve – which, as noted above, did not apply to Mr. Austin. Mr. Austin does not make a viable case for a sentence under 120 months in any event. As the Court stated on the record at sentencing, it attempted to sentence him in a way that it considered to be in parity with other similarly situated defendants in this and related cases. A 120 month sentence would have been disproportionately low, and it also would have been insufficient to meet the requirements of 18 U.S.C. § 3553(a)(2) given the circumstances of the crime to which he pled guilty.

Mr. Austin's last argument (argument 3) is that his counsel was ineffective for failing to contest the government's refusal to make a motion under § 5K1.1. Counsel's inaction could not have fallen below an objective standard of reasonableness, *see Strickland v. Washington*, 466 U.S. 668, 688 (1984), because (as noted above) he had no viable basis to challenge the government's decision. And even if that were not the

case, Mr. Austin was not prejudiced in the least by counsel's failure to challenge the government's decision or, for that matter, by the government's failure to make the § 5K1.1 motion. The simple reason for this is that the Court sentenced Mr. Austin significantly below the advisory Guidelines range and did so largely by virtue of the same cooperation that he contends should have entitled him to a § 5K1.1 motion. In other words, Mr. Austin got full credit for his cooperation based on a complete description of that cooperation by the prosecutor and arguments by defense counsel. In short, he was not prejudiced in the least by his counsel's failure to challenge the government's refusal to make a § 5K1.1 motion. Nor does Mr. Austin contend that absent counsel's claimed ineffectiveness, he would have gone to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## Conclusion

For the reasons stated above, the Court directs the Clerk to enter judgment dismissing Mr. Austin's section 2255 motion with prejudice.

    _____
    MATTHEW F. KENNELLY
    United States District Judge

Date: March 12, 2010